# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRANDON DALE OGLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV557 |
| | ) | |
| DET. SCOTT WILLIS (HPPD) and | ) | |
| DET. JACK MCGHINNIS (HPPD), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION, ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Brandon Dale Ogles, has submitted a pro se Complaint under 42 U.S.C. § 1983 and has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a)(1). (Docket Entries 1, 2.) Plaintiff names two detectives employed with the High Point Police Department as defendants. (Docket Entry 2 at 1-2.) He seeks "compensat[ion] for the harassment, slander, false imprisonment, [and] threats toward [his] life that [he] received from the Defendants in this matter." (Id. at 4.)

Plaintiff alleges the following pertinent facts in support of his claims:

1) "while [he] was detained at the High Point Police Department for [some] pending charges," Defendants attempted to question him "without first reading [him] [his] rights" and Plaintiff "refused to speak with [them] . . . [after which Defendants] stated to [Plaintiff] that [they] get tired of seeing [Plaintiff] in High Point an [sic] [they were] gonna [sic] do

whatever it takes to make sure [Plaintiff] spend[s] the rest of [his] life in prison even if [they] gotta [sic] pin every unsolved B&E case on [Plaintiff] to make sure it sticks" (id. at 3);

2) "[w]hile statin [sic] this[,] the [D]efendants continuously made life threatening comments toward [Plaintiff] like first statin [they] should've tried to let [Plaintiff] run so [they] could've shot [him] an [sic] gotten away with it" (id.); and

3) "while [Plaintiff was] fingerprinted[,] [Defendants] continuously pushed their fingertips against [Plaintiff's] forehead an [sic] dared [him] to move so they could severly [sic] beat [him] an [sic] cover it up by statin [sic] [that Plaintiff] assaulted one of the officers at the police station" (id.).[1]

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pertinent to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations

---

[1] Plaintiff does not allege that any such beating took place. (Docket Entry 2 at 3.)

omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[2]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

As an initial matter, Plaintiff cannot maintain a claim for "slander" (Docket Entry 2 at 4) under § 1983. *See, e.g.*, *Fleming v. West Virginia*, No. 5:08CV267, 2009 WL 960217, at *3 (S.D.W. Va. Apr. 7, 2009) (unpublished) ("Section 1983 provides a remedy for violations of all rights, privileges, or immunities secured by the Constitution and laws of the United States. . . . Plaintiff's claim that Defendants defamed his character fails to allege a violation of a federally protected right." (internal brackets and quotation marks omitted) (citing, inter alia, *Paul v. Davis*, 424 U.S. 693, 712 (1976)). Nor can Plaintiff proceed on any claim of "false imprisonment" (Docket Entry 2 at 4) because he has failed to allege facts showing that he ever suffered an unlawful seizure as a result of Defendants' actions. *See*

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied*, ___ U.S. ___, No. 09-8739, 2010 WL 286406 (2010), *and cert. denied*, ___ U.S. ___, No. 09-889, 2010 WL 285700 (2010).

*Figg v. Schroeder*, 312 F.3d 625, 641-42 (4th Cir. 2002) (noting that plaintiff alleging false imprisonment under § 1983 "must prove the illegality of the seizure"); *see also Snider v. Lee*, 584 F.3d 193, 199 (4th Cir. 2009) ("While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure.").[3]

Accordingly, Plaintiff's instant action can proceed only if § 1983 affords him a cause of action for "harassment" or "threats toward [his] life" (Docket Entry 2 at 4), based on the facts alleged in the Complaint. "[T]he unjustified striking, beating, or infliction of bodily harm upon a prisoner gives rise to liability under 42 U.S.C. § 1983 on the part of one who, acting under color of state law, engages in such conduct without just cause." *King v. Blankenship*, 636 F.2d 70, 72 (4th Cir. 1980).[4] "Moreover, there may be a claim under [the Constitution] . . . if [state officials] intentionally plac[e] [a prisoner] in fear of his life . . . [and inflict] unnecessary suffering which is inconsistent with contemporary standards of decency." *Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978).

In *Hudspeth*, the prisoner's complaint stated:

---

[3] In this regard, Plaintiff makes no allegations about the circumstances under which he came into custody (*see* Docket Entry 2 at 3 (stating only that he encountered Defendants while he "was being detained at the High Point Police Department for [his] pending charges") and fails to allege that he was ever detained as a result of Defendants' alleged threat to "pin every unsolved B&E case on [Plaintiff]," (*id.*).

[4] The only physical touching cited by Plaintiff relates to his allegation that Defendants pressed their fingers against his forehead while he was fingerprinted. Such *de minimis* uses of force do not support constitutional claims. *See Wilkins v. Gaddy*, ___ U.S. ___, ___, 130 S. Ct. 1175, 1178 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

4

1) the first prison guard told the prisoner that he would pay another prison guard "to shoot [the prisoner] and make it look like an accident" and that "'one morning [the prisoner will] get orders to work on a gun gang,'" *id.* at 1347;

2) "as predicted by [the first prison guard], [the second prison guard] ordered [the prisoner] transferred [from an unguarded work detail] to a road gang under the supervision of two armed guards," *id.*;

3) the prisoner "feared for his life as a result of an 'accident' while working with the road gang [and] the threat and the transfer were intended to . . . subject him to mental anguish," *id.*; and

4) "[t]here was an institutional investigation which resulted in a determination that allegations about the conversation with [the first prison guard] were based upon actual fact, and that [the first prison guard's] employment by the Department of Corrections had been terminated," *id.*

According to the Fourth Circuit, such allegations of both a threat *and* concerted action consistent with that threat by prison guards which *in combination* caused actual fear to the threatened prisoner, if proven, would suffice to make out a constitutional claim against the guards involved. *Id.* at 1348. The Fourth Circuit subsequently has emphasized that *Hudspeth* requires allegations not just of a threat, but also of action consistent with the carrying out of the threat. *See Alkire v. Gregory*, No. 93-7351, 1994 WL 251173, at **1 (4th Cir. June 13, 1994) (unpublished; decision without opinion, 25 F.3d 1038) ("Alkire filed a complaint alleging that he was threatened by a guard . . . . Because Alkire failed to allege

any action on the part of the guard apparently designed to carry out the alleged threat, he failed to state a claim." (citing *Hudspeth*, 584 F.2d at 1348)); *Johnson v. Laham*, No. 91-7296, 1993 WL 469160, at **3 (4th Cir. Nov. 15, 1993) (unpublished; decision without opinion, 9 F.3d 1543) ("Verbal harassment or abuse by prison officials in itself does not state a constitutional deprivation under section 1983. A threat of harm to a prisoner . . . with action apparently designed to carry out the threat, however, may state [a constitutional] claim." (citing *Hudspeth*, 584 F.2d at 1348) (internal citations omitted)). *See also Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir. 2005) ("*Mere* threats or verbal abuse by prison officials, *without more*, do not state a cognizable claim under § 1983." (emphasis added)).[5]

Not surprisingly (in light of the foregoing authority), district courts within the Fourth Circuit repeatedly have rejected claims (similar to Plaintiff's) predicated upon alleged threats by law enforcement or prison officials (but lacking any allegation of action to carry out the threat). *See, e.g.*, *Capers v. Preston*, No. 3:10CV225-MU-02, 2010 WL 2015272, at *2 (W.D.N.C. May 19, 2010) (unpublished) ("Plaintiff further alleges that [defendant-prison

---

[5] Other circuits have adopted a similar approach. *See*, *e.g.*, *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758-59 (8th Cir. 2001) ("[A]ny alleged verbal harassment, in the form of threats and unflattering remarks directed at plaintiffs, does not rise to the level required to establish a constitutional violation."); *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) ("Appellee patrolman McLaughlin confronted Appellant in a . . . parking lot and stated, 'I am going to get you, Larry Sturgil and Sam Sadoti.' McLaughlin then stated that Sturgil was already dead, having committed suicide. Appellant claims that this 'threat' caused him to fear for his life in violation of his constitutional rights. Appellant's asserted fear from these spoken words, however, is not an actual infringement of a constitutional right, and thus, it is not actionable under section 1983."); *Lamar v. Steele*, 698 F.2d 1286, 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."). One circuit has extended the logic of *Hudspeth* to situations in which a prison guard's "threat put [the prisoner] in imminent fear of his life because [the prison guard] was in a position to carry [the threat] out." *Chandler v. District of Columbia Dep't of Corrections*, 145 F.3d 1355, 1361 (D.C. Cir. 1998) . Neither the Fourth Circuit nor any district court within the Fourth Circuit appears to have endorsed this extension. Moreover, Defendants were not prison guards uniquely positioned to carry out any death threat against Plaintiff during his time in custody. Finally, Plaintiff has not alleged any other facts to support an inference that Defendants had any particular ability to act upon any alleged death threats.

6

guard] told him that he was not going to get out of prison and that someone was going to kill Plaintiff. As troubling as [said defendant's] prognostication for Plaintiff's future may be, such conduct still does not rise to the level of violating Plaintiff's constitutional rights. On the contrary, the law is clear that verbal abuse of inmates by guards, without more, does not state a claim for relief. Nor do verbal harassment or idle threats to an inmate even if they cause an inmate fear or emotional anxiety constitute a violation of any constitutional rights." (internal citations, ellipses, and quotation marks omitted)); *Williams v. Huffman*, No. 7:09CV222, 2009 WL 3367062, at *2 (W.D. Va. Oct. 16, 2009) (unpublished) ("Verbal harassment by prison officials in and of itself does not state a constitutional deprivation under § 1983. An institutional employee's verbal harassment or idle threats to an inmate – even if they cause an inmate fear, anxiety, or discomfort – do not constitute an invasion of any protected liberty interest." (internal citations omitted)); *Tate v. McClanahan*, No. 2:08-CV-3221-PMD-RSC, 2009 WL 935699, at *1-2 (D.S.C. Apr. 7, 2009) (unpublished) ("To the extent Plaintiff alleges that he deemed [prison officials' comments, including that 'inmates could be killed at the Detention Center and their families would be told the inmate had been trying to escape,'] as a threat of harm, Plaintiff has provided no indication that any of the Defendants took action to carry out their verbal statements. Again, 'the law is clear that mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.'" (internal brackets omitted) (quoting *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd*, 917 F.2d 1302 (4th Cir. 1990)); *Miller v. Jack*, No. 1:06CV64, 2007 WL 2050409, at *5 (N.D.W. Va. July 12, 2007) (unpublished) ("[Plaintiff]

7

also alleges that Officer Miles asked him, 'Do you want us to come out here and shoot you so you can commit suicide?' and . . . relayed a message to [the sheriff] that 'even Judge Marks wanted to kick [Plaintiff's] ass.' [Plaintiff], however, does not allege that any physical assault or injury occurred as a result of these alleged threats. . . . Clearly, the record lacks evidence of any acts taken by the defendants to reinforce these threats, assuming that such statement [sic] were, in fact, threats. It is questionable whether the defendant's statements even rise to that level. Nevertheless, verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. Nor do mere words or threats amount to an actionable assault under § 1983 . . . whether [such claim] is asserted under the Fifth Amendment, Eighth Amendment or Fourteenth Amendment.").

Based on the foregoing authority, the allegations in Plaintiff's Complaint regarding "harassment" or "threats toward [his] life" (Docket Entry 2 at 4), fail to state a claim under § 1983.

Because Plaintiff has failed to state a claim, he is not entitled to proceed further as a pauper. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Memorandum Opinion, Order, and Recommendation. Plaintiff has submitted a Complaint for filing, however, and, notwithstanding the above determination, § 1915(b)(1) requires him to make an initial payment. Plaintiff's *in forma pauperis* application reveals that he has no funds with which to make such a payment. Still,

Plaintiff must agree to the withholding of his funds until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the Complaint.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Memorandum Opinion, Order, and Recommendation.

**IT IS FURTHER ORDERED** that, within twenty (20) days from the date of this Order, Plaintiff complete and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the Complaint.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

August 3, 2010

ptf-ct1.frm
Section 1983-2/98

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANDON DALE OGLES, )
 )
                Plaintiff, )
 )
     v. )     1:10CV557
 )
SCOTT WILLIS, et al., )
 )
                Defendant(s). )

## **CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT**

    I, _____, prison number _____, hereby consent:

1. for the appropriate prison officials to collect or set aside from my account on a continuing basis each month, starting the month after this action was filed, an amount equal to 20% of each month's income or deposits for the payment of filing fees and costs of this action;
2. that collection shall continue even after my case is dismissed or otherwise decided until the full filing fee and any assessed costs are paid;
3. that I may not withdraw or use any part of these 20% monthly set asides except to pay the court;
4. that the court will order the Trust Officer (or similarly designated official) to forward payments to the Clerk's Office, U.S. District Court, Post Office Box 2708, Greensboro, North Carolina 27402, until such time as the $350.00 filing fee and any assessed costs are paid in full; and
5. that I understand that <u>any violation</u> or noncompliance by me with the terms of this Consent shall result in the dismissal of the above entitled action with prejudice.

Date: _____    Plaintiff's signature: _____